848 So.2d 177 (2003)
PARADISE CORPORATION
v.
AMERIHOST DEVELOPMENT, INC., an Illinois Corporation.
No. 2001-CA-01847-SCT.
Supreme Court of Mississippi.
June 19, 2003.
*178 Paul E. Rogers, Jackson, attorney for appellant.
Richard M. Dye, Phil B. Abernethy, Jackson, attorneys for appellee.
Before PITTMAN, C.J., EASLEY AND GRAVES, JJ.
GRAVES, Justice, for the Court.
¶ 1. This appeal arises from a judgment of the Warren County Circuit Court denying Paradise Corporation and Paradise Pools Construction, Inc.'s (Paradise) motion to dismiss a writ of garnishment filed by Amerihost Development, Inc. (Amerihost). On appeal, Paradise presents the sole issue of whether Amerihost is entitled to garnish the bank account of Paradise Corporation to collect a judgment entered against Paradise Pools and Spas, Inc.

FACTS
¶ 2. Amerihost was the developer of the Days Inn Hotel project in Vicksburg. Amerihost entered into a construction contract with Bromanco, Inc., a general contractor, as a prime contractor for the construction project. Bromanco defaulted on the general contract with Amerihost. At the time that Bromanco defaulted, the project was substantially completed; therefore, Amerihost completed the project itself. Litigation ensued between Amerihost and Bromanco along with numerous contractors and materialman, including Paradise Pools and Spas. See generally Amerihost Dev., Inc. v. Bromanco, Inc., 786 So.2d 362 (Miss.2001). Amerihost filed a complaint in interpleader for the purpose of interpleading certain remaining contract balances held by Amerihost against Bromanco on November 15, 1995. A judgment was entered on April 15, 1998, pursuant to the complaint. The court ruled that Paradise Pools and Spas should recover $12,656.46 from Amerihost. The court later issued a writ of garnishment allowing Amerihost to recover the $12,656.46 back from Paradise Pools and Spas on September 25, 2001.
¶ 3. Paradise Pools, Inc. a/k/a Paradise Pools and Spas was incorporated in 1981. It owned two retail businesses and a construction operation. Paradise Pools and Spas entered a contract with Bromanco to construct a pool in Vicksburg at the Rainbow Park. Paradise Pools and Spas received its final payment as a result of the lawsuit between Amerihost and Bromanco.
¶ 4. Paradise filed a motion to dismiss writ of garnishment on October 23, 2001, on the basis that it was not a party to the proceeding. On November 2, 2001, the court denied the motion to dismiss. The court reasoned that
It seems like the corporation, whatever their particular entity was, [sic] have *179 always operated under the name Paradise Pools and Spas, which was never not the corporate name of either one of them. But both of them seemed to [sic] operated under the name. And I'm going to say they are estopped to deny that they were responsible for those debts. They've held themselves out as being Paradise Pools and Spas, whatever the underlying corporation name was and in all the pleadings up through '98 and up to the present they've held themselves out to be Paradise Pools and Spas, and I'm going to refuse the Motion to Dismiss the Garnishment.
From this judgment, notice of appeal was filed on November 26, 2001.

DISCUSSION
¶ 5. Paradise argues that it was never a party to the construction contract upon which the judgment was based. Paradise asserts that the contract was dated September 29, 1994, and Paradise was incorporated in December 1995. Paradise argues that when it acquired the assets of Paradise Pools and Spas in 1996, it did not assume Paradise Pool and Spas' liabilities.
¶ 6. The general rule states that a corporation which acquires the assets, but not the stock of another corporation, is not obligated for the liabilities of the acquired corporation. Huff v. Shopsmith, Inc., 786 So.2d 383, 388-89 (Miss.2001). Four exceptions to this rule have been carved out by this Court in instances where: (1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a de facto merger; (3) the successor may be considered a "mere continuation" of the predecessor; or (4) the transaction was fraudulent. Id.See also Russell v. Sun-America Secs. Inc., 962 F.2d 1169, 1175-76 (5th Cir.1992); Mozingo v. Correct Mfg. Corp., 752 F.2d 168, 174 (5th Cir.1985).
¶ 7. Paradise argues that the exceptions to the general rule do not apply in this case. After a review of the record, we find that exception number three, mere continuation, applies in this case and that Paradise is a mere continuation of Paradise Pools and Spas. It is important to note why exceptions one, two, and four do not apply.

Assumption of Liabilities
¶ 8. Paradise argues that it did not expressly or impliedly agree to assume the liabilities of Paradise Pool and Spas. No evidence exists that Paradise expressly or impliedly assumed the liabilities of its predecessor, Paradise Pools and Spas. Therefore, this exception does not apply.

Defacto Merger
¶ 9. Paradise argues that there was not a de facto merger between Paradise and Paradise Pools and Spas, but an asset purchase. "A de facto merger exists when there is a continuity of management, personnel, assets and operations; a continuity of shareholders; the predecessor dissolves shortly thereafter; and the successor assumes the predecessor's obligations." Huff, 786 So.2d at 388. Paradise asserts that it does not fit any of the four elements of de factor merger because (1) there was no continuity of management, personnel, assets and operations; (2) Ken Beard and Ray C. Towles were original shareholders. Later Beard bought out Towles and Beard's two sons, Kenneth Beard, Jr. and William Timothy Beard, bought into the company, making Beard the only original shareholder; (3) Paradise Pools and Spas did not cease operations, liquidate and dissolve as soon as legally and practically possible; and (4) Paradise did not assume any liabilities; it only purchased the retail operation portion of Paradise Pools and Spas.
*180 ¶ 10. We find that the de facto merger exception does not apply in this instance. The companies' shareholders changed from Beard and Towles to Beard and his two sons and Paradise Pools and Spas filed its last tax returns in 1998, two years after its assets were purchased in 1996.

Fraud
¶ 11. Paradise contends that the transaction of Beard forming two corporations and subsequently transferring the assets of Paradise Pools and Spas was not fraudulent. We find that no evidence exists that the transaction made to acquire the assets of Paradise Pools and Spas was fraudulent. Furthermore, Amerihost does not make any allegations that fraud occurred. Hence, this exception does not apply.

Mere Continuation
¶ 12. Paradise argues that it is not a mere continuation of Paradise Pools and Spas. In Huff, we addressed the mere continuation exception. We considered the traditional rule and the product line theory in the resolution of that case. See Huff, 786 So.2d at 388. The traditional rule states that a corporation is not to be considered a continuation of a predecessor unless, after the transfer of assets, only one corporation remains, and there is an identity of stock, shareholders, and directors between the two corporations. Mozingo, 752 F.2d at 174-75. The product line theory is a deviation from the traditional rule "based largely on the idea that the successor corporation is, like the predecessor, in a position to assume the risk-spreading role assigned to the manufacturer of a product by strict liability theory." Id. at 175. It is also based upon the idea of estoppel and principles of fairness that a corporation that benefits from the goodwill of a predecessor's product should also bear the burden of liabilities attached to the product as well. Id.
¶ 13. In considering the traditional rule we find that Paradise Pools and Spas did not dissolve until December 31, 1998. Furthermore, Paradise was incorporated in December 1995 and presently exists. Therefore, two companies continued to exist after the purchase of assets. However, the appearance is that the stock of Paradise Pools and Spas was converted to Paradise and that the management is identical. Beard, one of the original incorporators of Paradise Pools and Spas, formed Paradise. Paradise bought all of the assets of Paradise Pools and Spas to be held by specific stockholders, Beard and his sons, Kenneth Beard, Jr. and William Timothy Beard. This case fits the traditional rule in some aspects, but in the interest of fairness, other factors should be considered.
¶ 14. Another deviation from the traditional rule is called the "continuity of enterprise" theory where we consider assessing if the successor benefits from the goodwill of a predecessor's product without sharing the liabilities. This theory considers the traditional factors as well as other factors such as: (1) retention of the same employees; (2) retention of the same supervisory personnel; (3) retention of the same production facilities in the same physical location; (4) production of the same product; (5) retention of the same name; (6) continuity of assets; (7) continuity of general business operations; and (8) whether the successor holds itself out as the continuation of the previous enterprise. Id.
¶ 15. We adopt this theory to deal with cases that concern liability as it relates to debts owed by the predecessor when the successor takes on the identity of the predecessor company in every way except taking responsibility for the predecessor's *181 debts. Paradise retained the same supervisory personnel. Beard still runs the company. Paradise is located in the same cities, Vicksburg, Mississippi and Jackson, Mississippi, and in the same buildings as Paradise Pools and Spa. Paradise is still in the business of selling pool and spa equipment and services. Paradise still utilizes the name of Paradise Pools and Spas. The name Paradise Pools and Spas remains in the Vicksburg phone book and on the building that Paradise runs it business from. Paradise utilizes the assets of Paradise Pools and Spas to run the same type of business. The business operations of Paradise are the same as Paradise Pools and Spas. Finally, Paradise still holds itself out as Paradise Pools and Spas. In fact, during the litigation concerning Bromanco for payment of its services, Paradise filed its answer and cross-claim in the name of Paradise Pools and Spas. Furthermore, in the proceedings to dismiss the writ of garnishment, Paradise Pools and Spas is named in the caption.
¶ 16. A wealth of evidence exists to prove that Paradise is exploiting the goodwill of Paradise Pools and Spas for the attendant benefits and yet wants to avoid the liabilities. We conclude that Paradise is a mere continuation of Paradise Pools and Spas and would be unjustly enriched if it is allowed to keep the $12,656.46. We also note two additional facts. First, the check that Beard received from the clerk's office was made out to Paradise Pools and Spas. Beard accepted the check and never complained that the name on the check was incorrect. Second, although Beard claims in his testimony that he used the check to pay the debts to another company that Paradise Pools and Spas owed, the check was actually deposited into Paradise's AmSouth Bank account that was garnished by Amerihost. Also, the company which allegedly received the money in the amount of the check has yet to be identified by Paradise.

CONCLUSION
¶ 17. For all of the foregoing reasons, the decision of the trial court is affirmed.
¶ 18.AFFIRMED.
PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ, EASLEY AND CARLSON, JJ., CONCUR.